IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

STACY LYNN KINCAID,

      Debtor.                                                  Case No. 05-09682-8-JRL
                                                                                      Chapter 7

**ORDER**

        This matter is before the court on the trustee's objection to the debtor's claimed exemption in tax refunds.[1] On January 18, 2006, the court conducted a hearing in Wilmington, North Carolina.

        The trustee's objection is based on the debtor's claimed exemption in the amount of $2,042 in state and federal tax refunds for the years 2003 and 2004. The trustee asserts that in the debtor's original schedules, she indicated that she was not entitled to a tax refund and listed the Internal Revenue Service ("IRS") and the North Carolina Department of Revenue ("NCDR") as creditors. At the meeting of creditors, the debtor again testified she had no expectation of receiving a tax refund. After this meeting, the trustee insisted that the debtor prepare and file tax returns for 2003 and 2004. She complied with his request and sent copies to the trustee. The completed returns indicated that the debtor was entitled to a refund. The trustee informed the debtor that she must remit any refund to his office. The debtor amended her schedules and claimed an exemption in the refund proceeds.

        The trustee contends that the debtor did not make a full and accurate disclosure of her financial

---

[1] The trustee also objected to the debtor's claimed exemption in ERISA benefits. At the hearing, he withdrew this objection.

affairs as she was entitled to a refund. The debtor argues that until she filed her tax returns, she could not have had knowledge of the refund. In fact, the debtor thought she owed the IRS and NCDR. The debtor asserts that she answered the trustee's questions to the best of her ability.

The North Carolina Supreme Court has held that "the humane and beneficent provisions of the law in regard to exemptions, being remedial in their nature and founded upon a sound public policy, should always receive a liberal construction, so as to embrace all persons coming fairly within their scope." Elmwood v. Elmwood, 295 N.C. 168, 185 (1978). If a debtor "knowingly concealed or failed to disclose to the trustee" property of the estate, he "may not claim" such property as exempt. Sheehan v. Lincoln National Life, 257 B.R. 449, 453 (N.D.W.V. 2001). A determination of "bad faith" is made by examining "the totality of the circumstances." Id.

In this case, the court finds that the debtor did not conceal assets or attempt in bad faith to hide property of the estate. She answered truthfully on her petition that she believed the IRS and NCDR were creditors as she had not filed her tax returns. Once the returns were filed, she sent copies to the trustee and appropriately amended her schedules. The debtor's claimed exemption in the tax refunds from 2003 and 2004 was properly made. Accordingly, the trustee's objection is overruled.

**So Ordered.**

**Dated: January 30, 2006**

J. Rich Leonard
United States Bankruptcy Judge